UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY J. BOULDING and LORA J.
BOULDING,

               Plaintiffs,

v.                                          Case Number 10-12237
                                          Honorable David M. Lawson
DEBORAH BENEDICT WALDMEIR,
TREASURER OF THE STATE OF
MICHIGAN, and JUDGE RUDY J. NICHOLS,

               Defendants.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING AND STRIKING AMENDED COMPLAINT AND ADDENDUM

Plaintiff Timothy J. Boulding, presently confined at the Gus Harrison Correctional Facility in Adrian, Michigan, has filed a *pro se* civil rights complaint against assistant Michigan attorney general Deborah Benedict Waldmeir, the Michigan State Treasurer, and Judge Rudy J. Nichols, over an order freezing certain assets belonging to Boulding. Timothy Boulding is serving a prison sentence for state law crimes unrelated to the issues before this Court. Also named as a plaintiff is Lora J. Boulding. It is unclear from the record how Ms. Boulding is involved in the events challenged in the complaint.

The plaintiffs allege that the defendants unlawfully froze Timothy Boulding's prisoner trust account and stopped his annuity payments, which were part of a medical damage award for his retirement and medical needs, without allowing him to participate in the court hearing. They allege that those actions violated Timothy's due process rights and the Contracts Clause in Article I, section 10 of the United States Constitution. They seek a declaratory ruling blocking the state's actions and enforcing the annuity contracts with which the defendants allegedly have interfered. It

is apparent, however, that the plaintiffs actually are challenging the decision rendered by Judge Nichols that froze the plaintiff's assets, and they are asking this Court to overrule the state court's order.

The plaintiffs paid the full filing fee in this case.  However, in the Prison Litigation Reform Act (PRLA), Congress mandated that the Court screen for colorable merit every prisoner complaint filed against a state or governmental entity.  28 U.S.C. § 1915A(a) ("The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.").  Furthermore, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).

A complaint is frivolous if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "A complaint lacks an arguable basis in law or fact if it . . . is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (citing *Neitzke*, 490 U.S. at 327-28).  To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  *Sua sponte* dismissal is appropriate if the prisoner's civil rights complaint lacks an arguable basis when filed.  *Goodell v. Anthony*, 157 F.Supp.2d 796, 799 (E.D. Mich. 2001).

-2-

A *pro se* litigant's complaint is to be construed liberally, *Erickson v. Pardus*, 551 U.S. 81, 94 (2007), and is held to "less stringent standards" than a complaint drafted by counsel. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, "[t]he leniency granted to *pro se* [litigants] . . . is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004), and such complaints still must plead facts sufficient to show a redressable legal wrong has been committed. Fed. R. Civ. P. 12(b); *Dekoven v. Bell*, 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001). The screening mandated by Congress in section 1915(e)(2) includes the obligation to dismiss civil complaints filed by prisoners if they "fail[ ] to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *McGore v. Wrigglesworth*, 114 F.3d 601, 604, 608 (6th Cir. 1997) (holding that "[a] district court is required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel"), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

The plaintiffs' complaint fails to state a claim over which this Court has jurisdiction because it is barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine, named after the decisions in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), prohibits federal courts below the United States Supreme Court from exercising "appellate jurisdiction over the decisions and/or proceedings of state courts, including claims that are 'inextricably intertwined' with issues decided in state court proceedings." *Exec. Arts Studio, Inc., v. City of Grand Rapids*, 391 F.3d 783, 793 (6th Cir. 2004) (citations omitted). This doctrine stands for the proposition that "the lower federal courts do not have jurisdiction 'over cases brought by "state-court losers" challenging "state-court judgments rendered before the district court proceedings commenced."'" *Raymond v. Moyer*, 501 F.3d 548, 550-51 (6th

-3-

Cir. 2007) (quoting *Lance v. Dennis*, 546 U.S. 549, 460 (2006), and *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).  Cases brought under 42 U.S.C. § 1983 fall within the scope of this doctrine because federal courts must give "full faith and credit" to state judicial proceedings.  *Gottfied v. Med. Planning Servs., Inc.*, 142 F.3d 326, 330 (6th Cir. 1998) (citing 28 U.S.C. § 1738).

The instant action is a "paradigm situation in which *Rooker-Feldman* precludes a federal district court from proceeding."  *Exxon Mobil Corp.*, 544 U.S. at 293 (internal citations and quotation marks omitted).  The plaintiffs seek review by this Court of a state court order entered before these proceedings were commenced.  Under the *Rooker-Feldman* doctrine, this Court is barred from reviewing the state circuit court's order.  *See Walters v. Cox*, 342 F. Supp. 2d 670, 675-76 (E.D. Mich. 2004) (adopting a report and recommendation that the *Rooker-Feldman* doctrine and 28 U.S.C. § 1738 prevented the court from reviewing a state court decision finding that the anti-alienation provision of ERISA did not prohibit the State's seizure of a prisoner's pension benefits to reimburse the State for his incarceration costs).  The plaintiffs' proper recourse is to appeal the decision of the state circuit court to the Michigan Court of Appeals and the Michigan Supreme Court.  If they do not receive relief in the state appellate courts, then they may appeal federal law issues to the United States Supreme Court only.

The Court finds that the plaintiffs have failed to state a claim over which this Court has subject matter jurisdiction and will dismiss their complaint.

Also before the Court are the plaintiffs' amended complaint and addendum to the amended complaint, which they filed on June 13, 2011.  The plaintiffs filed their initial complaint on June 7, 2010.

-4-

Federal Rule of Civil Procedure 15(a), as amended on December 1, 2009, states that "[a] party may amend its pleading once as a matter of course within . . . 21 days after serving it."  Fed. R. Civ. P. 15(a)(1).  The plaintiffs filed their amended complaint over a year after they commenced this action.  Therefore, they are out of time to file an amendment as a matter of course.  Rule 15(a)(2) permits a party to amend its pleading "[i]n all other cases . . . only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  There is no evidence in the record that the opposing parties provided written consent, and the plaintiffs have not sought leave of court to file those documents.  Therefore, the Court will strike the plaintiffs' amended complaint and addendum to the amended complaint.

The plaintiffs' complaint has failed to state a claim and must be dismissed as frivolous under 28 U.S.C. § 1915A(b).  The Court also will strike the plaintiffs' amended complaint and addendum as filed without leave of court.

Accordingly, it is **ORDERED** that the plaintiffs' complaint [dkt #1] is **DISMISSED WITHOUT PREJUDICE**.

It is further **ORDERED** that the plaintiffs' amended complaint [dkt #15] and addendum to the amended complaint [dkt #19] are **STRICKEN** from the record in this case.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  June 21, 2011

-5-

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 21, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL